WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salvatori Joseph Colletti,<br><br>　　　　　　Plaintiff,<br><br>  vs.<br><br>Joseph M. Arpaio, et al.,<br><br>　　　　　　Defendants. | No.  CV 13-222-PHX-RCB (SPL)<br><br>**O R D E R** |

On February 1, 2013, Plaintiff Salvatori Joseph Colletti, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a May 13, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend.

On June 12, 2013, Plaintiff filed a First Amended Complaint (Doc. 7).  The Court will order Defendants A6542 and Alger to answer the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

TERMPSREF

1   which relief may be granted, or that seek monetary relief from a defendant who is
2   immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

3       A pleading must contain a "short and plain statement of the claim *showing* that the
4   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8
5   does not demand detailed factual allegations, "it demands more than an unadorned, the-
6   defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
7   (2009). "Threadbare recitals of the elements of a cause of action, supported by mere
8   conclusory statements, do not suffice." *Id.*

9       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10  claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
11  550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual
12  content that allows the court to draw the reasonable inference that the defendant is liable
13  for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible
14  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
15  on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's
16  specific factual allegations may be consistent with a constitutional claim, a court must
17  assess whether there are other "more likely explanations" for a defendant's conduct. *Id.*
18  at 681.

19      But as the United States Court of Appeals for the Ninth Circuit has instructed,
20  courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,
21  342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less
22  stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.
23  Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

24  **II.   First Amended Complaint**

25      Plaintiff names the following Defendants in the First Amended Complaint:
26  Maricopa County Fourth Avenue Jail Sergeants A6542 and Alger 7344; Chaplain Paval;
27  and Lieutenant Garcia.

28

Plaintiff raises one claim for relief in which he claims his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") were violated when Defendant A6542 confiscated his religious medallion, an item essential to Plaintiff's every day religious practice. Plaintiff claims that he filed a grievance on the issue with Defendant Paval, who informed Plaintiff that he needed the Jail Commander's approval to have the medallion and "made other comments about [Plaintiff's] religion . . . stating that he [didn't] care about [Plaintiff's] religion and that he's never heard of [Plaintiff's] religion." Plaintiff further claims that Defendant Alger approved for Plaintiff a plastic medallion similar to a rosary. Plaintiff explained that his religion did not make plastic or rubber medallions. Plaintiff was told that he could have a wooden medallion if it was approved by Jail Commander Harmon.

Plaintiff states that he proceeded to take steps to obtain the wooden medallion, but that Defendant Alger intercepted Plaintiff's letter to Commander Harmon and responded to the letter by stating that "it was a grievance issue." Plaintiff claims that because of Defendant Alger's actions, he was unable to proceed with obtaining a wooden medallion. Plaintiff also alleges that he received responses during the grievance process from Sergeant Wade, Defendant Garcia, and the external grievance referee and that the responses contradicted each other.

Plaintiff seeks injunctive relief and damages.

**III.   Failure to State a Claim**

Under RLUIPA, a government may not impose a substantial burden on the religious exercise of a confined person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2).

With respect to Defendant Paval, Plaintiff alleges only that Defendant Paval explained to Plaintiff that he would have to obtain approval for a medallion from the jail commander and that Defendant Paval made negative comments about Plaintiff's religion. Plaintiff does not allege that Defendant Paval denied Plaintiff possession of the medallion

or burdened the practice of Plaintiff's religion in some other way. Plaintiff has failed to state a claim against Defendant Paval.

With respect to Defendant Garcia, Plaintiff claims that Defendant Garcia responded unfavorably to Plaintiffs grievance. The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has therefore failed to state a claim against Defendant Garcia.

**IV.  Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated a claim under RLUIPA against Defendants A6542 and Alger and the Court will require these Defendants to answer the First Amended Complaint.

**V.  Warnings**

**A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a

1  certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also,
2  Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv
3  5.4. Failure to comply may result in the filing being stricken without further notice to
4  Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendants Paval and Garcia are **dismissed** without prejudice.

(2)     Defendants A6542 and Alger must answer the First Amended Complaint.

(3)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 7), this Order, and both summons and request for waiver forms for Defendants A6542 and Alger.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this

TERMPSREF

Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a)  personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)  **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)  Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)  Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . .

1  (11)  This matter is referred to Magistrate Judge Steven P. Logan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 23rd day of October, 2013.

Robert C. Broomfield
Senior United States District Judge

TERMPSREF